**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:19-cv-335-MOC**
**(3:18-cr-40-MOC-DSC-1)**

| | |
|---|---|
| AMOS LAMAR BURCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Also pending are Petitioner's Letters that were docketed as a Motion to Amend/Correct, (Doc. No. 3), and a Motion to Appoint Counsel, (Doc. No. 7).

**I.  BACKGROUND**

Petitioner was charged in the underlying criminal case with: Count (1), distributing and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base; and Counts (2)-(3), possession of a firearm by a convicted felon. (3:18-cr-40 ("CR"), Doc. No. 3).

Petitioner pleaded guilty to Count (3) pursuant to a written Plea Agreement. (CR Doc. No. 14). The Plea Agreement sets forth Petitioner's sentencing exposure and provides that Petitioner is aware the Court will consider the advisory sentencing guidelines in determining a sentence which has not yet been determined and any estimate of a likely sentence is a prediction rather than a promise; the Court has the final discretion in imposing any sentence up to the statutory maximum and is not bound by recommendations or agreements by the United States. (CR Doc. No. 14 at 2).

1

The parties agreed that: the plea is timely; notwithstanding any other recommendation in the Plea Agreement; the offense involved 3-7 firearms, so a 2-level enhancement is applicable; and the offense involved a firearm that was stolen so a 2-level enhancement is applicable. The parties remained free to argue their respective positions regarding any other specific offense characteristics, reductions, and enhancements to the offense level, and either party may seek a departure or variance. The Plea Agreement provides that there is a factual basis for the plea, that Petitioner read and understood the written Factual Basis and that objections waived unless explicitly reserved. (CR Doc. No. 14 at 4). The Plea Agreement acknowledges the rights that Petitioner was waiving by pleading guilty, including the right to be tried by a jury, to be assisted by counsel at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate himself (CR Doc. No. 14 at 5). The Plea Agreement contains a waiver of Petitioner's appellate and post-conviction rights, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 14 at 5). The written Factual Basis provides that Petitioner knowingly possessed firearms after having been previously convicted of a crime punishable by imprisonment exceeding one year. (CR Doc. No. 15)

The Presentence Investigation Report (PSR) scored the base offense level 20, two levels were added because the offense involved 3-7 firearms, and two more levels were added because a firearm was stolen. (CR Doc. No. 25 at ¶¶ 27, 28). No Chapter Four enhancements were applied. (CR Doc. No. 25 at ¶ 22). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 21. (CR Doc. No. 25 at ¶¶ 34-36). The PSR's criminal history section scored six criminal history points and two more points were added because the instant offense was committed while on parole in new Jersey, resulting in a total criminal history score of eight and criminal history category of IV. (CR Doc. No. 25 at ¶¶ 46-48). "Pending charges" include

2

possession of a firearm by felon 18 CRS204871, Mecklenburg County District Court. (CR Doc. No. 25 at ¶ 50). This resulted in a total offense level of 21 and a criminal history category of IV with a guideline imprisonment range of 57 to 71 months, and supervised release for between one and three years. (CR Doc. No. 25 at ¶ 72, 75).

The Court adopted the PSR without change and denied Petitioner's motion for departure or variance. See (CR Doc. No. 29). In a Judgment entered on January 4, 2019, the Court sentenced Petitioner to 57 months' imprisonment for Count (3) followed by three years of supervised release and dismissed Counts (1) and (2) on the Government's Motion. (CR Doc. No. 28).

Petitioner filed the instant § 2255 Motion to Vacate on July 11, 2019. (Doc. No. 1). He argues that: (1) counsel was ineffective with regards to his plea offer in state court; and (2) Petitioner is eligible for relief under the First Step Act.

In his Motion to Amend/Correct, Petitioner clarifies that he accepted his federal plea first; that the state violated federal law, 18 U.S.C. § 3585(a); and that he was resentenced in his state case to 14-26 months on a Motion for Appropriate Relief. (Doc. No. 3). In his Motion to Appoint Counsel, Petitioner asks how to go about getting a lawyer. (Doc. No. 7).

The Government filed a Response to Petitioner's § 2255 Motion to Vacate arguing that: (1) the allegation of ineffective assistance is too vague and conclusory to support relief, counsel's performance was not deficient for failing to address a state sentence that was not yet entered, and any challenge to the state proceedings is not cognizable on § 2255 review; and (2) the First Step Act does not apply to Petitioner, and such a claim has been waived and is procedurally defaulted from § 2255 review.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

4

Petitioner appears to suggest that counsel should have asked the Court to address his sentence on pending state charges at the time of his federal sentencing.[1] This claim is too vague and conclusory to support relief as Petitioner fails to allege what actions reasonable counsel would have taken that had a reasonable probability of resulting in a more favorable outcome in his federal case. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). This claim is also too speculative to support relief as Petitioner had not yet been convicted or sentenced on state charges at the time of his federal sentencing and he fails to explain what specific actions reasonable counsel would have taken with regards to a state sentence that had not yet been imposed. Id. Moreover, to the extent that Petitioner is attempting to challenge the sentence in his state criminal proceedings, such a claim is not cognizable on § 2255 review. See generally 28 U.S.C. § 2254. Therefore, Petitioner's claim of ineffective assistance of counsel will be denied.

**(2) First Step Act**

The First Step Act of 2018, which became effective December 21, 2018, made retroactive certain provisions of the Fair Sentencing Act of 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ..., that was committed before August 3, 2010." United States v. Jackson, 952 F.3d 492, 495 (4th Cir. 2020) (quoting § 404(a), 132 Stat. at 5222). The Fair Sentencing Act "reduced the statutory penalties for cocaine base offenses" to "alleviate the severe

---

[1] Petitioner argues that "me and Mr. Johnson spoke about my state plea offer before my federal sentence [and] Mr. Johnson didn't raise the issue about my state plea offer on 12-17-18!" (Doc. No. 1 at 4).

sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016).

The First Step Act does not apply to Petitioner because it went into effect after Petitioner was sentenced and, in any event, it applies to drug offenses and not the weapons offense to which Petitioner pleaded guilty.

This claim was also waived by Petitioner's knowing and voluntary guilty plea, which expressly waived Petitioner's post-convictions rights except for claims of prosecutorial misconduct or ineffective assistance of counsel. See generally United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("a guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges."); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (an appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made); United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005) (the Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement).

Moreover, this claim is procedurally defaulted from § 2255 review. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.") (internal citations omitted). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Actual prejudice is then shown by demonstrating that the error

6

Case 3:19-cv-00335-MOC   Document 13   Filed 09/01/20   Page 6 of 8

worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. Murray v. Carrier, 477 U.S. 478, 494 (1986). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner failed to raise his First Step Act claim on direct appeal and he has not attempted to demonstrate cause and prejudice or actual innocence. Therefore, even if this claim was not waived, it would be procedurally defaulted from § 2255 review.

For all of these reasons, Petitioner's Fair Sentence Act claim will be dismissed and denied.

**(3)    Pending Motions**

Petitioner has filed a Motion to Amend/Correct in which he makes factual allegations and to which he appends documents for the Court's review. The Motion will be granted to the extent that the Court has considered the arguments and documents filed by Petitioner.

Petitioner has also filed a Motion seeking the appointment of counsel. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, the appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may also appoint counsel to a financially eligible petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). No discovery or evidentiary hearing is required in the instant case and Petitioner has failed to demonstrate that justice requires the appointment of counsel. Therefore, Petitioner's Motion will be denied.

**IV.    CONCLUSION**

7

For the foregoing reasons, the Motion to Vacate is dismissed and denied. Petitioner's Motion to Amend/Correct is granted as stated in this Order and the Motion to Appoint Counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. Petitioner's Motion to Amend/Correct, (Doc. No. 3), is **GRANTED** as stated in this Order.

3. Petitioner's Motion to Appoint Counsel, (Doc. No. 7), is **DENIED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 1, 2020

Max O. Cogburn Jr.
United States District Judge